# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1474

CHELSEY GOSSE, on her behalf and on behalf of other similarly situated persons;
CHRISTOPHER DETTORE; LORI A. DETTORE

CHELSEY GOSSE, on her behalf and on behalf of other similarly situated persons,
Appellant

v.

TRANSWORLD SYSTEMS INC; US BANK NA; NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2007-3; RATCHFORD LAW GROUP PC; PORTNOY SCHNECK LLC; NATIONAL
COLLEGIATE STUDENT LOAN TRUST 2007-4; GSS DATA SERVICES LLC

_____

Appeal from the U.S. District Court, M.D. Pa.
Judge Keli M. Neary, No. 3:20-cv-01446

Before: PORTER, MONTGOMERY-REEVES, and BOVE, *Circuit Judges*
Submitted Apr. 9, 2026; Decided Apr. 9, 2026
_____

NONPRECEDENTIAL OPINION[*]

BOVE, *Circuit Judge*. Plaintiff Chelsey Gosse brought a putative class action

challenging Defendants' efforts to collect on her defaulted student loan. The District Court

granted Defendants' motions for summary judgment. We will affirm.

**I.**

We assume the parties' familiarity with the underlying facts, procedural history, and

issues on appeal. Plaintiff took out a student loan in 2007. The issuing bank sold Plaintiff's

---

[*] This disposition is not an opinion of the full Court and, under 3d Cir. I.O.P. 5.7, is not
binding precedent.

loan to Defendant National Collegiate Student Loan Trust 2007-03 (NCSLT).  Plaintiff

defaulted on the loan.  Defendant NCSLT sued her in Pennsylvania state court to collect.

The state court dismissed the case without prejudice.

Following the Pennsylvania dismissal, Plaintiff filed a federal putative class action

against Defendant NCSLT, NCSLT's law firm in the debt-collection suit, and related

entities.  Plaintiff alleged that Defendants had engaged in unlawful debt-collection

practices.  She brought claims for civil conspiracy and violations of Pennsylvania's

Dragonetti Act and the federal Fair Debt Collection Practices Act.  The District Court

granted Defendants' motions for summary judgment.  Plaintiff timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the District Court's legal

determinations in granting summary judgment. *See Massey v. Borough of Bergenfield*, 169

F.4th 188, 193 (3d Cir. 2026).[1]

## III.

The focus of this appeal is the Dragonetti Act.  *See generally* 42 Pa. Cons. Stat.

§ 8351.  Plaintiff bore a "heavy burden" to establish, among other things, that the

underlying debt-collection suit was initiated "in a grossly negligent manner or without

probable cause." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 394 (3d Cir. 2002)

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

(citing 42 Pa. Cons. Stat. § 8351(a)).  We agree with the District Court that Plaintiff failed to do so.

Plaintiff's appellate arguments are hyper-technical and ultimately unpersuasive. She claims that separate litigation has revealed "systemic" problems with Defendants' debt-collection practices, but cites no record evidence linking any of those issues directly to Plaintiff's loan.  Topical overlap, as opposed to proof, is not enough.  Plaintiff also questions the authenticity of the evidence indicating that Defendant NCSLT owned her loan when it commenced the debt-collection suit.  Those arguments are little more than "speculation and conjecture."  *NRA Grp., LLC v. Durenleau*, 154 F.4th 153, 175 (3d Cir. 2025).  Finally, Plaintiff's assertion that Defendant NCSLT "abandoned" the debt-collection suit is in significant tension with the record.  But, in any event, the abandonment theory is not enough for Plaintiff to establish that the suit was *initiated* negligently or without probable cause under the Dragonetti Act.

Plaintiff presented no independent arguments relating to her claims for civil conspiracy and violations of the Fair Debt Collection Practices Act.  We see no reason to disturb the District Court's rulings on those claims.  Accordingly, we will affirm.